[Civ. No. 2063.   Third Appellate District.—February 18, 1920.]

FRIEND & TERRY LUMBER CO. (a Corporation), Respondent, v. JAMES H. DEVINE, Appellant.

[1] APPEAL—ALTERNATIVE METHOD—PORTIONS OF RECORD REQUIRED TO BE PRINTED.—Where an appeal is taken under the alternative method and the appellant relies on the insufficiency of the evidence to support the judgment, he is not required to print in his opening brief, or in a supplement appended thereto, all the evidence contained in the reporter's transcript, but only such por-

tions of the record as are material and bear on the questions presented.

[2] ID.—MOTION TO COMPEL PRINTING OF COMPLETE RECORD—FAILURE TO POINT OUT MATERIAL EVIDENCE OMITTED—DUTY OF COURT TO EXAMINE TRANSCRIPT.—On a motion to compel the appellant to print a supplement to his opening brief setting forth in full all the record of the trial contained in the reporter's transcript and not printed in said opening brief, if the respondent fails to point out the evidence which he claims is omitted from the brief and which is material to the questions discussed, the appellate court is not required to make an examination of the entire transcript in order to ascertain whether the portions of the evidence printed in the brief are full and complete as to the points argued.

MOTION for an order requiring appellant to print a supplement to his opening brief setting forth the portions of the record omitted therefrom.    Denied.

The facts are stated in the opinion of the court.

S. R. Hart, C. E. McLaughlin and C. P. McLaughlin for Appellant.

Irving D. Gibson for Respondent.

NICOL, P. J., *pro tem.*—The appeal in this action is under the alternative method, and this is a motion by respondent for an order requiring the appellant to print and serve on respondent a supplement to the opening brief, in which shall be set forth in full all the record of the trial contained in the reporter's typewritten transcript on file in this court, and not printed in the said opening brief. The motion is made on the grounds that it appears from the opening brief that the only ground of appeal is the alleged insufficiency of the evidence to support the judgment, and that it appears from a comparison of the typewritten transcript on appeal that the appellant has failed to print in said opening brief all of the record of the evidence adduced at the trial.

[1] The respondent claims that when the appeal is on the ground of insufficiency of the evidence to support the judgment, that the appellant is required by section 953c of the Code of Civil Procedure, as amended in 1919 [Stats. 1919, p. 261], to print in his brief, or in a supplement

appended thereto, all the evidence contained in the transcript.

With this contention of the respondent we are unable to agree. It is true that the amendment by the last legislature to said section 953c of the Code of Civil Procedure does not relieve the parties from the necessity of printing in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court, when the appeal is taken under the provisions of sections 953, 953a, 953b, and 953c of that code. (*Eddy* v. *Stowe,* 43 Cal. App. 789, [185 Pac. 1024].)  The said section as amended provides that no appeal shall be dismissed nor shall any appeal be decided adversely to any party for failure to print in his brief the portion of the record, or any part thereof, in support of his points, but in such case the court hearing the appeal shall direct such party to print and serve on the adverse party and file with it a supplement to his brief, in which shall be set forth in full that portion of the record relied on by such party and not printed in any former brief.

By this section a party is required to print in his brief the portions of the record in support of his points and is not required to print portions of the record that are immaterial and have no bearing on the questions presented. The section is clear and explicit as to the action to be taken by the court when a party fails to comply with its requirements. [2] But on this motion the respondent has not called the attention of the court to any evidence that has been omitted from the appellant's brief that is material to any question therein discussed, and we are not in a position, without examination of the entire transcript, to say that the portions of the record printed in said brief are not full and complete as to the points argued. The court is not required on a motion of this kind to make such an examination when the moving party fails to point out the evidence which he claims is omitted from the brief and which is material to the questions discussed.

The motion is denied.

Ellison, J., *pro tem.,* and Burnett, J., concurred.